HEATHER E. WILLIAMS, Bar #122664
Federal Defender
PEGGY SASSO, CA Bar #228906
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorneys for Defendant
JORGE NEGRETE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:18-cr-00218 JLT-SKO |
| Plaintiff, | **STIPULATED MOTION AND ORDER REJECTING THE STIPULATION AND DENYING THE MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |
| v. | |
| JORGE NEGRETE, | |
| Defendant. | (Docs. 65, 70) |

Defendant, JORGE NEGRETE, by and through his attorney, Assistant Federal Defender Peggy Sasso, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

1. Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable;

2. The United States Sentencing Commission recently amended the Sentencing Guidelines to limit the overall criminal history impact of "status points" by assigning zero status points for offenders with six or fewer criminal history points, and one status point for offenders

Stipulation and Order Re: Sentence Reduction   1

with seven or more criminal history points ("status-point provision").  *See* Amendment 821, Part A; *compare* USSG § 4A1.1(d) (2022), *with* USSG § 4A1.1(e) (Nov. 1, 2023).  The United States Sentencing Commission made the status-point provision retroactive beginning February 1, 2024.  *See* USSG § 1B1.10(e)(2) (Nov. 1, 2023); 88 Fed. Reg. 60534;

3. Mr. Negrete's total offense level is 35.  He received 2 criminal history points based on his past criminal convictions and 2 criminal history points pursuant to former USSG § 4A1.1(d) for a total criminal history score of 4, which placed Mr. Negrete in criminal history category III with a recommended guideline range of 210-262 months.  The statutory mandatory minimum does not apply in this case because of 18 U.S.C. § 3553(f);

4. On March 27, 2023, this Court sentenced Mr. Negrete to a term of 121 months;

5. The sentencing range applicable to Mr. Negrete was subsequently lowered by the status-point provision, which reduces his criminal history score to 2, lowering his criminal history category from III to II, resulting in an amended advisory guideline range of 188 - 235 months;

6. Because the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range consistent with the reason set forth at USSG § 1B1.10(b)(2)(B), the Court may grant a comparable reduction below the amended guideline range in accordance with the exception set forth in USSG § 1B1.10(b)(2)(B);

7. Because Mr. Negrete is eligible for a reduction in sentence, the parties request the Court enter the order lodged herewith reducing Mr. Negrete's term of imprisonment to 108 months.

8. Based on the Federal Bureau of Prison's website, Mr. Negrete's current projected release date is September 15, 2031.

///

///

///

///

9. <u>United States' statement regarding its stipulation</u>:[1]

The United States enters into this stipulation after reviewing the Presentence Investigation Report ("PSR"), ECF No. 47; United States' sentencing memorandum, ECF Nos. 54-57; Statement of Reasons ("SOR"); Judgment, ECF No. 60; defendant's Bureau of Prisons ("BOP") disciplinary history, and after conferring with the prosecuting Assistant United States Attorney.  Defendant was convicted of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  In calculating the applicable guideline range, Defendant received a two-level enhancement pursuant to USSG § 2D1.1(b)(1) for possession of a firearm over both the defendant's and the government's objection.  ECF Nos. 48 at 2, 54 at 1.  The defendant was assigned criminal history points for two misdemeanor convictions related to driving while under the influence.  PSR ¶¶ 42-43.  At sentencing, the Court granted a downward departure for the reasons stated in the Statement of Reasons ("SOR") and a downward variance based, in part, on the Section 3553(a) factors, including Defendant's employment record, difficult childhood, certain deportation, and his criminal history being slightly overstated.  SOR at 2-3.

Respectfully submitted,

Dated:  July 31, 2024                                        Dated:  July 31, 2024

PHILLIP A. TALBERT                                      HEATHER E. WILLIAMS
United States Attorney                                       Federal Defender

 /s/ Shelley D. Weger                                          /s/ Peggy Sasso
SHELLEY D. WEGER                                       PEGGY SASSO
Assistant U.S. Attorney                                       Assistant Federal Defender
Attorney for Plaintiff                                            Attorney for Defendant
UNITED STATES OF AMERICA                     JORGE NEGRETE

---

[1] This statement is provided by the United States to give the Court a brief summary the of the case and relevant facts.  It is not part of the parties' stipulation.

**ORDER**

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that Mr. Negrete is entitled to the benefit of Amendment 821, Part A, the new status point provision, codified at USSG § 4A1.1(e), which reduces his criminal history category from III to II, resulting in an amended guideline range of 188 - 235 months.

However, as noted above, the Court imposed a sentence that was well below the applicable guidelines at the time and well below the guidelines now in effect. In doing so, the Court considered the factors set forth at 18 U.S.C. § 3553(a) and imposed a sentence that was reasonable and sufficient without regard for the guidelines. Consequently, the amendments to the guidelines do not impact the Court's judgment as to the proper sentence to be imposed in this case. Based on this, the stipulation (Doc. 70) is **REJECTED** and the motion for reduction of sentence (Doc. 65) is **DENIED**.

IT IS SO ORDERED.

Dated:   **July 31, 2024**

UNITED STATES DISTRICT JUDGE